# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JOHN D. FIEREK**
Voyles, Zahn, Paul, Hogan & Merriman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana



# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN B. STEELE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1202-CR-54 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

INTERLOCUTORY APPEAL FROM THE MARION SUPERIOR COURT
The Honorable James B. Osborn, Judge
Cause No. 49F15-1104-FD-27161

**October 3, 2012**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

Steven B. Steele appeals the trial court's denial of his motion to suppress. We affirm.

The relevant facts are undisputed. Around 3:30 a.m. on April 17, 2011, Indianapolis Metropolitan Police Department Officer Steven Ferklic was alerted to a Jeep Cherokee parked in the middle of the road near the intersection of 34th Street and Dandy Trail with its lights and engine off and three flat tires. Steele was slumped unconscious in the front seat. Officer Ferklic was unable to wake Steele, so he had firefighters break the Jeep's rear window. Steele awoke, and Officer Ferklic asked him to exit the Jeep. The dazed Steele staggered unsteadily toward the rear of the Jeep, and Officer Ferklic noticed that he had bloodshot eyes, slurred speech, and the odor of an alcoholic beverage on his breath. Officer Ferklic had the Jeep towed, arrested Steele for misdemeanor public intoxication, and transported him to a nearby gas station with the intent to administer field sobriety tests on a more level surface away from the intersection. While at the gas station, Officer Ferklic read Steele his *Miranda* rights and asked if anyone else had been in his vehicle. Steele admitted that he had been alone and had driven the vehicle to that location. Because of the cold weather, Officer Ferklic decided to transport Steele to a police station approximately ten minutes away to administer a horizontal gaze nystagmus test, which Steele failed, as well as a breath test.[1]

The State charged Steele with two counts of class A misdemeanor operating a vehicle while intoxicated ("OWI") (one for OWI in a manner that endangers a person pursuant to

---

[1] Citing the probable cause affidavit, Steele says that the breath test indicated an alcohol concentration equivalent of 0.17. Appellant's Br. at 3. We note, however, that the affidavit was not admitted into evidence at the suppression hearing. We also note that Steele's brief is missing the table of contents and table of authorities required by Indiana Appellate Rule 46(A).

Indiana Code Section 9-30-5-2(b) and one for operating with an alcohol concentration equivalent of at least 0.15 pursuant to Indiana Code Section 9-30-5-1(b)); one count of class B misdemeanor public intoxication pursuant to Indiana Code Section 7.1-5-1-3; and two counts of class D felony OWI pursuant to Indiana Code Section 9-30-5-3 (enhancements of the first two counts based on a prior OWI conviction).

Steele filed a motion to suppress, arguing in pertinent part that the statements that he made to Officer Ferklic at the gas station should be suppressed pursuant to Indiana Evidence Rule 617, which reads as follows:

> **(a)** In a felony criminal prosecution, evidence of a statement made by a person during a Custodial Interrogation in a Place of Detention shall not be admitted against the person unless an Electronic Recording of the statement was made, preserved, and is available at trial, except upon clear and convincing proof of any one of the following:
>
> > (1) The statement was part of a routine processing or "booking" of the person; or
> >
> > (2) Before or during a Custodial Interrogation, the person agreed to respond to questions only if his or her Statements were not Electronically Recorded, provided that such agreement and its surrounding colloquy is Electronically Recorded or documented in writing; or
> >
> > (3) The law enforcement officers conducting the Custodial Interrogation in good faith failed to make an Electronic Recording because the officers inadvertently failed to operate the recording equipment properly, or without the knowledge of any of said officers the recording equipment malfunctioned or stopped operating; or
> >
> > (4) The statement was made during a custodial interrogation that both occurred in, and was conducted by officers of, a jurisdiction outside Indiana; or

(5) The law enforcement officers conducting or observing the Custodial Interrogation reasonably believed that the crime for which the person was being investigated was not a felony under Indiana law; or

(6) The statement was spontaneous and not made in response to a question; or

(7) Substantial exigent circumstances existed which prevented the making of, or rendered it not feasible to make, an Electronic Recording of the Custodial Interrogation, or prevent its preservation and availability at trial.

**(b)** For purposes of this rule, "Electronic Recording" means an audio-video recording that includes at least not only the visible images of the person being interviewed but also the voices of said person and the interrogating officers; "Custodial Interrogation" means an interview conducted by law enforcement during which a reasonable person would consider himself or herself to be in custody; "Place of Detention" means a jail, law enforcement agency station house, or any other stationary or mobile building owned or operated by a law enforcement agency at which persons are detained in connection with criminal investigations.

**(c)** The Electronic Recording must be a complete, authentic, accurate, unaltered, and continuous record of a Custodial Interrogation.

**(d)** This Rule is in addition to, and does not diminish, any other requirement of law regarding the admissibility of a person's statements.

At the hearing on his motion to suppress, Steele argued that Officer Ferklic violated the rule by failing to transport him to a "Place of Detention" to record his statement. The trial court denied Steele's motion, and this interlocutory appeal ensued.

Steele frames the issue as whether Evidence Rule 617 "should be interpreted to require law enforcement to transport a suspect to a Place of Detention when a custodial interrogation is going to occur and circumstances make the transport reasonable?" Appellant's Br. at 1. Two observations are in order. One, Evidence Rule 617 does not apply

4

in this case because Officer Ferklic's interrogation of Steele did not occur in a Place of Detention. And two, the rule does not, either explicitly or implicitly, impose an affirmative duty on law enforcement officers to transport a person to a Place of Detention before conducting a Custodial Interrogation. Steele's policy arguments for imposing such a duty should be directed to the Evidence Rules Review Committee, which may recommend to the Indiana Supreme Court that the rule be amended accordingly. *See* Ind. Evidence Rule 1101. In sum, we affirm the denial of Steele's motion to suppress.

Affirmed.

RILEY, J., and BAILEY, J., concur.