**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ERIC K. KOSELKE**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHNNY HENDERSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  49A02-1302-CR-178 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa Borges, Judge
The Honorable Ann Flanelly, Commissioner
Cause No. 49G04-1207-FB-49067

**October 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Johnny Henderson, Jr. ("Henderson") appeals his conviction for attempted burglary, a Class B felony.

We affirm.

## ISSUE

Whether the trial court abused its discretion by admitting into evidence a redacted version of Henderson's videotaped confession.

## FACTS

On June 26, 2012, Janet Lahr ("Janet") was at home taking a shower when she heard a banging noise from somewhere in her house. From her window, she saw someone trying to kick in her front door. She activated the alarm system to her home, went into her closet, and called 9-1-1. After speaking to two 9-1-1 operators, Janet heard the piercing sound of her home's alarm system. She then received a call from her security system company. The security system operator instructed Janet to leave her closet because the police had arrived at her home. Janet went to the front door and attempted to open it, but she discovered that the door was broken and unable to be opened. She exited through her garage and met police outside of her home.

The police examined Janet's residence and did not find anyone inside or around it. When Janet's husband, James Lahr ("James"), arrived at the home, he informed police of the video surveillance system installed on the residence. James later testified that he had installed the security system at the residence, and that it was motion-activated, in use on June 26, 2012, and working properly. He also testified that the video surveillance system

2

is stored on a computer, the footage remains in a permanent file on the hard drive of his computer, and that the video footage automatically has a date and time stamp on it. Police requested video surveillance from the relevant time, and the next day, James provided police with the video surveillance footage from the Lahr residence at the time of the incident.

Examination of the surveillance video showed two (2) black men arrive in a Ford Explorer and approach the front door and side service door. In the video, one of the men disables one of the surveillance cameras. The men then appear to push and kick at the front door and the side service door and then leave.

Detective Jon Walls ("Det. Walls") of the Indianapolis Metro Police Department viewed the surveillance video and was able to locate Henderson by tracking the license plate numbers from the Ford Explorer in the video through different persons familiar with the truck. On July 13, 2012, Det. Walls spoke with Henderson at the City-County Building in Indianapolis. Det. Walls planned to interrogate Henderson regarding the attempted burglary on the Lahr residence, and he brought still photographs from the surveillance video, a laptop computer, an advisement-of-rights form, and a waiver-of-rights form. Prior to speaking with Henderson, Det. Walls advised Henderson of his *Miranda* rights using a pre-printed form, gave Henderson a copy of the form, and asked whether Henderson had any questions about the form. Henderson did not have any questions and told Det. Walls that he would give a statement. Henderson signed the waiver-of-rights form. Det. Walls then turned his computer on and recorded a video of

Henderson's statement. Within the statement, Henderson confessed to attempting to burglarize the Lahr residence.

The State charged Henderson with attempted burglary, and, on January 22, 2013, the trial court held an evidentiary hearing at the State's request. One of the issues presented was whether Det. Walls' recording of Henderson's confession met the requirements of Indiana Evidence Rule 617. Additionally, because Henderson was representing himself, the State sought to protect Henderson's rights and redact certain statements from Henderson's confession because the statements were inadmissible. In particular, the State sought to exclude statements regarding Henderson's prior criminal history and the fact that Henderson was on probation at the time he committed his present offense. The trial court agreed with the State and ordered that all references to Henderson's prior criminal history and character must be redacted under Indiana Evidence Rules 402, 403, 404(b), and 609.

On January 24, 2013, a jury found Henderson guilty as charged. On January 31, 2013, the trial court sentenced Henderson to twenty (20) years in the Department of Correction and ordered restitution to the victims in the amount of $250. Henderson now appeals this conviction.

## DECISION

Henderson argues that the trial court erred in admitting his videotaped statement because it was "incomplete." (Henderson's Br. 4). In response, the State argues that while the initial advisement of rights prior to the interrogation was not recorded, the

4

recording captures the entire interrogation, except for certain statements which the trial court permitted it to redact. The State further argues that because the statements omitted from within the recording were inadmissible under Rule 404(b), the trial court properly admitted a redacted version. (State's Br. 7). We agree.

The admission or exclusion of evidence is entrusted to the discretion of the trial court. *Collins v. State*, 966 N.E.2d 96, 104 (Ind. Ct. App. 2012). We will reverse a trial court's decision only for an abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances or if the trial court misinterprets the law. *Id.* We will consider the conflicting evidence most favorable to the trial court's ruling and any uncontested evidence most favorable to the defendants. *Id.* "In determining whether an error in the introduction of evidence affected an appellant's substantial rights, we assess the probability of the impact of the evidence on the jury. Admission of evidence is harmless and is not grounds for reversal where the evidence is merely cumulative of other evidence admitted." *Id.* (citations omitted).

Henderson argues that his recorded statement is inadmissible under Indiana Evidence Rule 617 because "the complete custodial interrogation was not on videotape." (Henderson's Br. 7). Indiana Evidence Rule 617 states in relevant part:

> Rule 617 Unrecorded statements during custodial interrogation [effective January 1, 2011]
>
> (a) In a felony criminal prosecution, evidence of a statement made by a person during a Custodial Interrogation in a Place of Detention shall not

5

be admitted against the person unless an Electronic Recording of the statement was made, preserved and is available at trial . . . .

(b) The Electronic Recording must be a complete, authentic, accurate, unaltered and continuous record of a Custodial Interrogation.

First, Henderson argues that the recording Det. Walls produced violates Rule 617 because Det. Walls did not turn on his recording device until after informing Henderson of his *Miranda* rights and receiving Henderson's waiver. However, as the State correctly points out, *Miranda* warnings do not constitute "interrogation," which we have previously defined as, "words or actions on the part of the police that the police know are reasonably likely to elicit an incriminating response from the defendant." *Furnish v. State*, 779 N.E.2d 576, 579 (Ind. Ct. App. 2002), *trans. denied* (internal citation and quotation marks omitted). *See also Steele v. State*, 975 N.E.2d 430, 431-32 (Ind. Ct. App. 2012) (discussing advisement of rights and custodial interrogation separately in the context of Rule 617). Because the advisement of rights cannot be properly characterized as custodial interrogation, it need not have been recorded for Henderson's subsequent statement and confession to be admissible under Rule 617. Accordingly, we find that Henderson's challenge on that ground is without merit.

Henderson also argues that the trial court erred in allowing the State to redact certain portions of the recording. In response, the State maintains that in recognizing that Henderson was representing himself and may not have been well-versed in the rules of evidence, it proactively sought to redact all references to Henderson's probation status and prior crimes to ensure that a violation of Indiana Evidence Rule 609 did not occur.

6

Because the redacted statements at issue are limited to references that Henderson was on probation at the time he committed this offense and that Henderson has a prior criminal history, the State is correct in asserting that the statements are prohibited under Evidence Rule 404(b) and were necessarily redacted. *See Sisson v. State*, 985 N.E.2d 1, 16 (Ind. Ct. App. 2012) ("The only possible purpose for admitting evidence of his past crimes as substantive evidence would be to show that [the defendant] had a propensity to commit burglary and acted in conformity therewith. As such, the evidence would fall squarely within the prohibition of Evidence Rule 404(b).") Accordingly, the trial court did not abuse its discretion in admitting a redacted version of Henderson's confession where the redacted statements included inadmissible evidence.

Having found that the recording included all parts of the interrogation, minus the redacted portions prohibited under Rule 404(b), we conclude that the recording was admissible under Rule 617. We therefore find that the trial court did not abuse its discretion in admitting Henderson's recorded statement.

Affirmed.

BARNES, J., and CRONE, J., concur.

7